**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **NHAN THANH VO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-744-KC** |
| | § | |
| **MICHAEL WATKINS et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Nhan Thanh Vo's Petition for a Writ of Habeas Corpus, ECF No. 1.

**I.     BACKGROUND**

**A.     Arrival in the United States & Immigration Proceedings**

Vo is a citizen of Vietnam, and he was ordered removed in 2012.  *Id.* ¶ 11.  After ninety days in detention, he was released under supervision because the Vietnam government would not issue travel documents for individuals in his position.  Advisory 1, ECF No. 13.  On February 13, 2026, he turned himself in to Immigration and Customs Enforcement at Fort Snelling in Minnesota.  Letter, ECF No. 2.  Vo has now been detained for four months.  Pet. ¶ 11.

Vo remains detained at the El Paso Service Processing Center in El Paso, Texas.  *See* Apr. 24, 2026, Order, ECF No. 8.  He argues that his detention is unlawful and asks the Court to order his release.  Pet. ¶¶ 4, 6, 10–11, 13–14.

**B.     Procedural History**

On March 16, 2026, Vo filed his Petition.  *Id.*  After ordering Vo to clarify his Petition, the Court ordered Respondents to show cause why the application for a writ of habeas corpus

should not be granted.  May 6, 2026, Order, ECF No. 14.  Respondents were to specify: the circumstances that make Vo's removal likely, what concrete steps and obstacles remain to effectuate removal, and the anticipated timeline for completion.  *Id.* at 2–3.

In answer to the Court's Show Cause Order, Respondents argued that Vo's removal was likely to occur "in the near future."  Resp. Ex. A ("Flores Decl.") ¶ 14, ECF No. 17-1.  In terms of removal efforts, they submitted a travel document request for internal review on April 19, 2026.  *Id.* ¶ 10.  On May 5, "ICE ERO sent a follow-up email to the DDO requesting the status of the travel document request."  *Id.* ¶ 11.  But did not receive a response and could not provide an anticipated timeline for Vo's removal.  *Id.* ¶¶ 13–14.  Because Respondents appeared to be taking steps to remove him, the Court ordered a status report in about one month.  May 21, 2026, Order, ECF No. 18.  But the Court warned Respondents that it would "not look favorably upon a failure to complete internal review and submit the travel document request to Vietnam by June 15."  *Id.* at 2.

Respondents now state that they have not received any internal updates, after repeated requests, since they submitted the travel document request to the DDO for internal review on April 19.  2d Resp. Ex. A ("Alaniz Decl.") ¶¶ 5–6, ECF No. 22-1.  To date, Respondents have not received any internal update.  *Id.* ¶ 6.  Thus, it is unclear whether any travel document request has been submitted to Vietnam.  *See generally id.*  With few specifics, Respondents continue to claim that they anticipate "to remove [Vo] in the near future."  *Id.* ¶ 7.

## II.    ANALYSIS

Vo seeks a writ of habeas corpus for his immediate release from custody, arguing that his continued detention violates the Due Process Clause of the Fifth Amendment.  Pet. ¶ 13.

2

This Court has previously held that a § 1231(a) detainee subject to re-detention after their release pursuant to an OSUP is not limited to a *Zadvydas* claim. *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *4 (W.D. Tex. Nov. 7, 2025) (citing *Trejo v. Warden of ERO El Paso E. Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *6–7 (W.D. Tex. Oct. 24, 2025)). By virtue of the liberty interest obtained through their release, a § 1231(a) re-detainee can also bring a distinct procedural due process claim. *See id.* In *Nguyen*, this Court found a procedural due process violation where a Vietnamese national subject to a final order of removal, who had previously been deemed unremovable to Vietnam and released, was re-detained without an individualized assessment of his flight risk and dangerousness by an Immigration Judge ("IJ"). *See id.* at *5–8. The balance of the *Mathews v. Eldridge* factors weighed in favor of Nguyen because he had a strong liberty interest, the risk of erroneous deprivation was high and easily ameliorated through a bond hearing, there was little evidence that he was a flight risk or danger to the community, and the Government failed to demonstrate that his removal was significantly likely in the reasonably foreseeable future. *See id.* Although the Government had submitted Nguyen's travel document request to Vietnam, it failed to provide an expected timeline for approval, did not attach copies of the submitted request, and the statistics it provided regarding successful removals of Vietnamese nationals did not identify whether any of these individuals, like Nguyen, were pre-1995 refugees. *See id.* at *7. Thus, after approximately three and a half months in detention, this Court ordered Respondents to either provide Nguyen with a bond hearing or release him. *See id.* at *1, 4, 8.

Here, Vo has been detained for just over four months and the Government has not even submitted a travel document request to Vietnam—it has been pending internal review for some two months. *See generally* Alaniz Decl. And Respondents cannot provide an expected timeline

for Vo's removal. Whereas in *Nguyen*, Respondents at least offered statistics on removal and confirmed that they had submitted a travel document request, here Respondents have done neither. Since Vo's release over a decade ago, he could not be removed to Vietnam. In the last four months that Vo has been detained, it appears that the Government has not even internally approved Vo's travel document request. *See* Alaniz Decl. ¶¶ 5–6; *see generally* Flores Decl. Respondents have identified no other country and have no expected removal date. In short, Vo's removal was not possible before, does not seem to be possible now, and "Respondents have not shown that [his] removal is significantly likely to occur in the reasonably foreseeable future." *See Nguyen*, 2025 WL 3120516, at *7 (citations omitted).

Thus, at this time, Respondents' interest in effectuating Vo's removal order is weak. *See id.* at *7–8. And any interest in preventing flight or danger is similarly weak, as Vo was previously released on an OSUP and there is no evidence in the record that he presents a flight risk or committed any crimes or endangered anyone since his release. *See id.* at *6. The Government's interest in re-detaining Vo is thus outweighed by his strong liberty interest from his many years of freedom in the United States, and the fact that the high risk of erroneous deprivation could be easily ameliorated by a bond hearing. *See id.* at *5–6.

While there is no doubt that Vo is subject to a final order of removal and that Respondents are entitled to remove him from the United States, when they have essentially failed to take any action to effectuate that removal, they cannot continue to detain Vo without providing him with an individualized custody determination.

## III.    CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART**. The Court **ORDERS** that, **on or before June 23, 2026**, Respondents

4

shall either: (1) provide Vo with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Vo's continued detention; or (2) release Vo from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before June 23, 2026**, Respondents shall **FILE** notice informing the Court whether Vo has been released from custody. If Vo has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Vo is released from custody, Respondents shall **RETURN** all of his personal property in their custody to him upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the June 23, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 16th day of June, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

5